IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DORRELL RICHENSON COULTHRUST   )
\# 15382-016    Petitioner,    )    CV 07-592 TFH
POB 3540                       )
Milan, New Mexico 87021        )    CR. 90-355-TFH
                               )
                               )
UNITED STATES OF AMERICA       )

*Let this be filed together, e.j. Hogan, 3-26-07*

PETITIONER'S WRIT OF HABEAS CORPUS

PURSUANT TO 28 U.S.C.A. § 2241

To the Honorable Court:

Comes now DORRELL RICHENSON COULTHRUST, petitioner in the above case, herein acting in Pro persona in filing this Writ of Habeas Corpus.

Petitioner is in custody under color of the Federal United States of America / Attorney general of the UNITED STATES OF AMERICA.

**JURISDICTION**

Jurisdiction is invoked under the the Rules governing Habeas Corpus, pursuant to 28 U.S.C.A. § 2241.

**STANDARD OF REVIEW** - Petitioner raises these issues before this court, pursuant to 28 U.S.C.A. 2241, seeking relief from the District court's denial of petitioner's 2255 Motion. Petitioner's instant Habeas Corpus 2241 Motion seeks to attack the Order denying petitioner's § 2255 Motion. Petitioner's 2241 Motion also attacks the instant conviction and sentence based on the preserved facts on record.

RECEIVED
MAR 02 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RECEIVED
MAR 20 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

in CR division, M. Pugh

**PRESERVATION OF ISSUES** - The issues were preserved in petitioner's § 2255 Motion, Memorandum, Traverse, Appellant's Brief and Reply Brief.

**STATEMENT OF THE ISSUES**

The District Court abused its discretion in denying petitioner's 2255 Motion without an evidentiary hearing. Petitioner's 2255 Motion alleges suppression of **Brady** Material by the Government, in violation of petitioner's Due process rights and Ineffective Assistance of Counsel in violation of the Six Amendment to the United States Constitution. Petitioner's 2255 Motion, Files, and records of the case did not conclusively establish that petitioner was not entitled to relief on these allegations of **Brady** Material - That the Government suppression of Brady Material constructively denied petitioner the assistance of counsel. Petitioner's 2255 Motion did not conclusively establish that petitioner was not entitled to relief on the allegations of ineffective assistance of counsel concerning the "COCAIN BASE STIPULATION" and not for challenging the 21 U.S.C.A. § 851 Information.

**STATEMENT OF RELATED CASES** - This Habeas Corpus supersedes any pending petitions in the above caption case - in this or any other jurisdiction.

**STATEMENT OF THE CASE**

On August 7, 1990, Metropolitan Police Department Detectives were part of a drug interdiction team at the Greyhound Bus Terminal, 1005 First Street, N.E., Washington D.C. At approximately 1:00 a.m. , Detective Harrison interviewed Petitioner, a passenger on the Greyhound bus headed for Charlet North Carolina. Following the interview, petitioner reboarded the bus. The detectives boarded the bus, looking for unclaimed luggage. The detectives asked passengers to identify their belongings. A blue tote bag ...

that had remained unclaimed was removed from the overhead rack, taken to a nearby platform and subject to warrantless search. Inside the tote bag, police found a brown paper bag, which contained a plastic bag, which contained 185 grams of a white substance that field tested positive for cocaine, and two sets of identification. one belonging to petitioner and the other belonging to Neville Anthony Brooks. The Neville Anthony Brooks, indentication included a Jamacian passport, permanent resident card, student identification, and a photo ID. Detective also found a three part ticket: part one was the boarding pass for the journey to Richmond, VA to Winston-Salem North Carolina; part two was the boarding pass from Winston-Salem to Charlotte; and part three was the passenger receipt. Detectives arrested petitioner at the bus station and reboarded the bus searching for Neville Anthony Brooks. Detectives did not find Neville Anthony Brooks on the Bus. Petitioner denied the tote bag being his and denied knowing drugs were in the bag.

On August 28, 1990, a Federal grand Jury returned a one count indictment charging petitioner with possession with intent to distribute cocaine base in violation of 21 U.S.C. 841(a)(1). Prion to trial the Government field a Prior Felony Information pursuant to 21 U.S.C. 851 identifying as the predicate to a prior Commonwealth of Virginia conviction for possession with intent to distribute cocaine. A complete description of the state offense appears in paragraph 20 of the presentence Investigation Report ["PSI"].

On february 28, 1991 following a two-day jury trial, Petitioner was convicted.

On June 4, 1991, Petitioner was sentenced as a repeated offender to two hundred fourty (240) months' imprisonment followed by one hundred twenty(120) months' supervised release.

On November 5, 1992, the Court affirmed. **United States vs. COULTHRUST** 979 F.2d. 248 (Dc Cir. 1992)(unpublished disposition).

On April 18, 1997, Petitioner filed a counseled Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255

On May 22, 1997, the Government filed a response opposing the 2255 Motion,

On June 6, 1997, Petitioner filed a Traverse requesting an evidentiary hearing to expand the records.

On June 26, 1997, the District Court Judge Norma Holloway Johnson entered an Order denying the 2255 Motion without a hearing. The Order was not served on Petitioner or his lawyer.

On December 30, 1997, Judge Johnson reissued the Order.

On January 7, 1998, Petitioner filed a timely notice of appeals.

On January 25, 1998, The Court of Appeals for the District of Columbia denied Certificate Of Appealability.

## STATEMENT OF THE FACTS

Petitioners 2255 Motion asserted facts that his conviction and sentence were obtained in violation ot the Firth and Sixth Amendment to the constitution of the United States.

with respect to the Fifth Amendment violation, petitioner's 2255 Motion, memorandum and Traverse alleges the Government suppressed **Brady** material. With respect to th sixth Amendment violation, the 2255 Motion, Memorandum and Traverse alleged the following:

(1) On February 28, 1991 Petitioner was found guilty following a jury trial that

(2) On June 4, 1991, Petitioner was sentenced to two hundred forty (240) months imprisonment.

(3) Beginning December 21, 1990, and continuing thereafter, and throughout petitioners 2255 proceedings, the Government suppressed **Brady** material.

On December 21, 1990, Assistant United States Attorney Mills wrote a letter to Petitioner's defense counsel Thomas Reffin, Esquire categorically denying a specific target request for information about Neville Anthony Brooks (hereinafter, Brooks) whose identification papers were found in the tote bag. On that date, before petitioner's sentencing date, and to the point of

petitioner's 2255 proceedings, the Government had under its control, intelligence that Brooks was in North Carolina selling drugs, and that Brooks had a prior criminal history.

(4) On March 4, 1991, a few days after petitioner's verdict but months before sentencing, the Government arrested Brooks, who immediately agreed to cooperate against his confederates.

(5) Brooks testimony, which led to convictions in the Middle District of North Carolina, Greensboro Division, Indictment No. 91-209-02-G [JA 23, JA 95-202], established that Brooks was in the hierarchy of a conspiracy that used innocent people to facilitate the smuggling of controlled substance from New York to North Carolina.

(6) The intelligence and information in items (1) through (5) could have been used by a skilled advocate to negotiate a favorable plea agreement, develop a viable defense to the indictment, as grounds for a new trial, as a defense to the prior Felony Information (§ 851), and/or as grounds for post trial motions based on newly discovered evidence.

With respect to plea bargaining, information about Brooks could have been used as leverage to negotiate a favorable plea bargin.
With respect to sentencing the information concerning Brooks and the North Carolina conspiracy could have been used to establish that petitioner's state conviction and the instant conviction were "common modus operandi" and should have been treated as a single conviction pursuant to United States Sentencing Guidelines.

## SUMMARY OF ARGUMENT

<u>Petitioners §2255 Motion should not have been denied without an evidentiary hearing.</u>

§ 2255 - summary dismissal of petitioner's 2255 Motion is inappropriate unless (a) the 2255 Motion, files and records of the case conclusively shows that the petitioner is not entitled to the relief sought or (b) the allegations set fourth in the motion, if true would not entitle petitioner to the relief sought. Unless the records show that petitioner is entitled to no relief, petitioner is entitled to an evidentiary hearing.

PETITIONER'S 2255 MOTION MADE ALLEGATIONS THAT HE WAS CONSTRUCTIVELY DENIED ASSISTANCE OF COUNSEL BY VIRTUE OF THE GOVERNMENT'S SUPPRESSION OF **BRADY** MATERIAL.

Petitioner should have been granted an evidentiary hearing on his **Brady** claim that the Government suppressed information on Brooks. The Government asserts that such information did not exist. However, three month before petitioner's sentencing and there after, up until filing of petitioner's 2255 Motion, the Government had in their possession this information on Brooks. Once the defense makes a discovery request, the Government has a <u>continuing duty</u> to disclose any <u>newly discovered information that satisfy the defense request.</u>   see FED. R. CRIM. P. 16(c) - U.S. v. Matthews, 20 F.3d 550 (2d Cir. 1994)  U.S. v. Chestang, 849 F.2d 528,533 (11th Cir. 1988)
This **CONTINUING DUTY** continues throughout habeas proceedings. See, Thomas v. Goldsmith 979 F.2d 746, 749-50 (9th Cir. 1992) **U.S. v. Matthews** 20F.3d 550, **U.S. v. Chestang** 849 F.2d.

On march 4, 1991, three months before petitioner's sentencing, unbeknownst to petitioner, Brooks was arrested in North Carolina. Petitioner did not become aware of this information until 1997 before filing his 2255 Motion. However, this information was available to the Government before petitioner's trial verdict and sentencing. The Government indifferently disregarded their <u>**continuing duty**</u> to disclose this newly discovered information. The

information was **Brady** material because a skilled attorney could have used it at trial, sentencing and post conviction motions to put the case in a different light. Defense counsel could have use this information as grounds for a new trial or in the event of a guilty verdict, the information could have been used at sentencing to defeat the 21 U.S.C. § 851 information.

PETITIONER'S 2255 MOTION AND EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED ON THE **BRADY** VIOLATION BECAUSE THE BRADY ISSUE ALLEGES **FACTS** WHICH IF TAKEN AS TRUE WOULD HAVE CONCLUDED EVIDENTIARY HEARING. see **Blackledge vs. Allison 431 U.S. 63, 97 S.Ct. 1621**

THE DECISION NOT TO HOLD AN EVIDENTIARY HEARING IS SUBJECT TO APPELLATE REVIEW FOR ABUSE OF DISCRETION. HOWEVER, IT IS AN ABUSE OF DISCRETION TO RENDER AN ADVERSE DECISION IN A POST CONVICTION TRIAL MOTION ASSERTING A **BRADY** VIOLATION WITHOUT AN EVIDENTIARY HEARING. **U.S. vs. Kelly 790 F.2d 130 (DC Cir. 1986)**

An evidentiary hearing would have explicate to Judge Norma Hollaway Johnson events throughout the pre and trial proceedings, which were essential to petitioner's 2255 Motion and Memorandum. Judge Johnson, who presided over petitioner's 2255 proceedings was not petitioner's trial judge. Petitioner's trial judge, the late George Rivercomb had passed away before petitioner's 2255 review. Therefore an evidentiary hearing would have allowed Judge Johnson the opportunity to become more familiar with the case and would have allowed petitioner opportunity to expand the record, clearly demonstrating:

    (a) The government constructively denied petitioner assistance of counsel by suppressing Brady material.
    (b) Brady material could have been used at a new trial to put the case in such a different light as to undermine the confidence in verdict.
    (c) Brady material could have been used to demonstrate that petitioner's prior conviction was in fact a "common modus operandi", undermining the § 851 information and the 20 year mandatory minimum sentence.

**PETITIONER WAS ENTITLED TO PRESENT EVIDENCE IN SUPPORT OF BRADY CLAIM.** Banks v. Dreike 124 S.Ct 1225, 540 U.S.

A **Brady** prosecutural misconduct claim has three essential elements:

**First-** The evidence at issue be favorable to the accused as exculpatory or impeaching.
At every critical stage of the criminal proceeding, beginning with pre-trial discoveries and concluding throughout petitioner's habeas proceedings the Government knew that brooks was not a fictional character but refused to disclose this information to petitioner or defense lawyer. Information is in possession of the Government if it is in possession of any government agency or instrumentality.
<u>Kiles v. Whitley 514 U.S. 419</u>

**Second Brady element** - consist of suppression of Brady material by the Government. This second element parallels the first element of which petitioner has already established.

**Third Brady component** - corresponds to the second Brady element- **Prejudice** within the compass of the "couse and prejudice" requirement exist when suppression of evidence is "Material" for Brady purposes.
   The **Brady** naterial was "Material" because it was Favorable to petitioner and was material to the outcome of the trial, sentencing, post conviction motions, and Habeas proceedings.

Under **Brady v. Maryland,** 373 U.S. 83 (1963) and its progeny, a prosecutor's failure to disclose evidence favorable to the accused...violates due process where the evidence is material either to guilt or to punishment, irrespective of the good or bad faith of the prosecution." Id at 87 see also **Kyles v. Whitley** (holding that there is no distinction between situations in which an accused request disclosure and situations in which an accused fails to make such request). see **U.S. V. Ellis 121 F.3d. 914 (4th Cir 1997)** Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the results of the

proceedings (<u>in this case petitioner's 2255 motion</u>) would have been different." Kyles 514 U.S. at 433 - " A reasonable probability of a different result is accordingly shown when the Government's suppression undermines confidence in the outcome of the trial" or <u>proceedings.</u> emphasis - mine.

In addition to the prosecutor's obligation to disclose favorable evidence that meets the materiality standard, the prosecutor also has <u>may not knowingly introduce perjured testimony.</u> see U.S. v. Kelly 35 f.3d. 929.

If the Government allows such perjured testimony to pass <u>incorrected</u>, a new trial will be warrented when " there is any reasonable likely hood that the false testimony could have affected the judgement of the jury. U.S. v. Agurs 427 U.S. 97, 103 (1976) Furthermore, prosecutors are responsible for disclosing so called "Brady evidence' and for preventing their witnesses from providing perjured testimony whenever one who is working on the Government's case knows of such evidence or testimony, <u>even if the prosecutor does not have first hand knowledge.</u> see **Stricker v. Greene** 527 U.S.at 437-38

The Government <u>has a continuing duty to disclose any newly discovered information that satisfy the defense request</u> for Brady material, which continues throughout habeas proceedings. see Fed. R. Crim. P. 16(c) see Thomas V. Goldsmith 979 F.2d. 746, 749-50 (9th cir. 1992) U.S. v. Mattrews 20 F.3d. 538,550   U.S. v. Chestang 849 F.2d. 528, 533 (11th Cir.)


**PETITIONER'S 2255 MOTION AND EVIDENTIARY HEARING SHOULD HAVE BEEN GRANTED ON INEFFECTIVE ASSISTANCE OF COUNSEL CONCERNING THE <u>COCAINE BASE STIPULATION</u>**

Petitioner's 2255 Motion alleged facts which must be taken as true for purpose of determining whether to hold an evidentiary hearing. see **Blackledge v. Allison** 431 U.S. 69

Petitioner need not detail his evidence but must only make specific allegations which if true, would entitle him to relief. see **Baumann v. U.S. 692 f.2d 565,571 (9th Cir. 1982)**

The following facts should have been taken as true by the District court on determining whether to hold an evidentiary hearing:
  (a) **Fact** - Becacse cocaine hydrochloride is in a "rock-like" form does not constitute cocaine base "crack cocaine".
  (b) **Fact** - The substance found in the tote bag reacted positive during a field test by the detectives.
  (c) **Fact** - Cocaine base would not react during a field test because it is not soluable in glycerine and cobalt thiocyanate.
  (d) **Fact** - the facts indicates that the substance was cocaine salt when it was removed from the bag otherwise the substance would not have reacted positive to a field test.

From the 2255 Motion , memo, records and Traverse, it was evident that petitioner's counsel was ineffective for havinh stipulated that the substance was cocaine base "crack cocaine" without having it subject to instrumentation and qualitative test.

a claim of ineffective assistance of counsel presents a mix question of fact and law which we review  de novo - **Willamson v. Ward 110 F.3d. (10th Cir)** "the essence of ineffective assistance claim is that counsel's unprofessional error so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict suspect." **Willamson 110 F.3d at 1513-14** (quoting Kinmelman v. Morrison 477 U.S. 365 also see Strickland v. Washington 466 U.S. 668,

   **PETITIONER PROPERLY RAISED INEFFECTIVE ASSISTANCE CLAIM ON HIS 2255 MOTION IN RELATION TO THE <u>COCAINE BASE STIPULATION</u>**

In light of the recent ruling in **U.S. V. GEORGE BRISBANE 367 F.3d. 910 (C.A. DC 2004)**, which almost echoes petitioner's 2255 argument concerning the <u>cocaine base stipulation</u>. In Brisbane, the

Court found - "**Evidence did not support defendant's conviction for distributing five or more grams of cocaine base, where the Government did not prove that it was crack.**"

Petitioner adamantly tried to press this argument on his 2255 Motion concerning the substance found in the tote bag as <u>not being crack cocaine . The records and files will show petitioner's constructive denialdenial of counsel on this issue</u> at trial and again, denial of petitioner's 2255 Motion and chances of challenging the nature of the substance.

The Government <u>never proved that the substance found in the tote bag was "crack" never prove that the substance was smokable</u> see Brisbane -also see U.S. v. EDWARDS 397 F.3d. 570

Had Petitioner been granted an evidentiary hearing on this "crack cocaine" issue, Brisbane and Edwards would have echoed petitioner's Summary Judgement.

It was clearly established during petitioner's 2255 proceedings that **all crack is cocaine base, but not all cocaine base is "crack".** Therefore the Government's assertion and petitioner's defense counsel's stipulation that the substance found in the tote bag was cocaine base **was not based on** <u>scientific</u> test or expert eximination (as demonstrated in petitioner's 2255 Motion) but on the definition of the Sentencing Guidelines which reads - <u>"cocaine base for the purpose of this guide line means "crack"</u>...

    As we have said, the rule of lenity suggest that we should
    resolve ambiguity in a defendant's favor." U.S. v. Brisbane

It is evident that the District court abused its discretion in denying petitioner's 2255 Motion without evidentiary hearing on the nature of the substance found in the tote bag, but relying on the

legal definition of cocaine base and the testimony and statements of the prosecution. Had the District court consider all alleged facts made by petitioner and relied on <u>scientific</u> evidence instead of the prior, an evidentiary hearing would have been granted and Summary Judgement in petitioner's favor. **Statements and testimonies made by the Government may not be used as substatutes for evidentiary hearing. - U.S. v. Kelly 790 F.2d 130,135 (DC Cir. 1986)**

## PETITIONER'S 2255 MOTION SHOULD NOT HAVE BEEN DENIED WITHOUT AN EVIDENTIARY HEARING ON THE CHALLENGE OF THE § 851 INFORMATION

The Following facts should have been accepted for purpose of holding an evidentiary hearing on the 851 information:
1. Petitioner's Pre SENTENCE REPORT (PSI) describes his only prior as being a 1991 Virginia conviction and sentence for Possession With Intent to Distribute. The prior offense qualify as part of the same course of conduct "<u>common modus operandi</u>". Both offenses occurred on Greyhound bus within a relevant period of time with the same intent. the prior offense was described in petitioner's PSI. Therefore defense counsel and the prosecutor had no doubt as to what the offense consisted of. This information could have been used at sentencing and on 2255 evidentiary hearing to secessfully challenge the 21 U.S.C. § 851 Information.
2. the **Brady** material suppressed by the Government was also essential, material and relevant in helping to challenge and defeat the 851 information. **Brady** material could also have been used to establish that the prior and instant offense was common modus operandi, thus a single episode undermining the 851 information.

The decision not to hold an evidentiary hearing is subject to appellate review for abuse of discretion. However, it is an abuse of discretion to render an adverse decision in a post trial motion

asserting **Brady** violation without an evidentiary basis. **U.S v. Kelly** 790 F.2d 130 (DC Cir. 1986)

**28 U.S.C. 2255** states: Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served on the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusion of law with respect thereto.

**government of Virgin Islands vs. Weathrewax,** 20 f.3d 572 (3rd Cir. 19940 states that the moving party in a 2255 is entitled to an evidentiary hearing unless the motion, files, and records **conclusively** shows the prisoner is entitled to no relief. The litmus test is whether the movant might have prevailed if he had been given the chance to prove his allegations. **Carter vs. Rafferty** 826 f.2d 1299 (3rd Cir. 1986) [summary dismissal of habeas inappropriate unless there in no genuine issue of material fact]

In arriving at the decision to grant or deny an evidentiary hearing, it is firmly established that declarations, and other statements made by the Government may not be substitute for evidentiary hearing. **U.S v. Kelly** 790 F.2d 130 135 (DC Cir. 1986) ["The government cannot..establish this or any other true state of affairs by mere assertions without affidavits."], **Government of Virgin Islands vs. Nicholas,** 758 f.2d 1073 (3rd Cir. 1985), **Walker vs. Johnston** 312 U.S. 275 (1941).

The 2255 Motion, Memorandum and Traverse <u>must state facts which, if true would justify the relief sought</u>, but the moving party **need not prove his case in the pleadings. Blackledge vs. Allison,** 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed. 2d. 136 (1977). "The critical question is whether the petitioners' allegations, when viewed against the records, are so 'palpably incredible' or 'patently frivolous' as to warrent summary dismissal without a hearing." **Pervy vs. U.S.** 31 F.3d 1341,1345 (6th Cir. 1994).

In **Blackledge vs. Allison**, at 431 U.S. 70, 97 S.ct. 162, the Court said;

> this is not to say that every set of allegations not on its face without merit entitles a habeas corpus petitioner to an evidentiart hearing. As in civil cses generally, there exist a procedure whose purpose is to test whether facially adequate allegations have a sufficient basis in fact to warrant plenary presentation of evidence. that procedure is, of course, the motion for summary judgement. Upon remand, the warden will be free to make such a motion, supporting it with whatever proof he wishes to attach. If he choose to do so, Allison will then be required either to produce some contrary proof indicating that there is a genuine issue of fact to be resolved by the district court or to explain his inability to produce such proof. Fed. R. Civ. P. 56(e)(f).
>
> Moreover, as is now expressly provide in the Rules Governing Habeas Corpus Cases, the district court judge...may employ a variety of measures in an effort to avoid the need for an evidentiary hearing. Under Rule 6, a party may request that discovery would be appropriate...Under Rule 7, the judge can direct expansion of the records to include any appropriate materials that "enable the judge to dispose of some habeas petitions not dismissed on the pleadings without the time and expense required for an evidentiary hearing."
>
> In short, it may turn out upon remand that a full evidentiary hearing is not required. But Allison is "entitled to careful consideration and plenary prcessing of his claim , including full opportunity for presentation of the relevant facts." **Harris v. Nelson** 394 U.S. at 298 **Blackledge v. Allison**, at 431 U.S. 80,81

Se also: **Daniels vs. U.S.** 54 F.3d 290 (7th Cir. 1995) [evidentiary hearing required on conflict of interest claim where claimant relies on facts outside the record], **Stoia vs. U.S.** 22 f.3d 766 (7th Cir. 1994)

Here, the 2255 Motion, Memorandum and Traverses alleged the Government suppressed **Brady** material beginning December 20, 1990, when it denied Petitioner's counsel's letter requesting discovery in connection with Nevelle Anthony Brooks. Secondly, the government compounded the violation when they neglected their <u>continuing duty</u> to provide **Brady** material to petitioner throughout the criminal proceedings. Thirdly, the Government compounded the violation when it did not only provide discovery in connection with Brooks, but spread perjured information that Brooks' identification documents were "decoy ID's" for purpose of petitioner's illegal ulterior motives. Information about Brooks could have been used to get a favorable plea bargain or to establish a viable defense on the theory that if Brooks used others to smuggle drugs without their knowledge, maybe petitioner was also used by Brooks for this purpose unknowingly. The information could have been used at sentencing to support the claim that the Virginia conviction and the instant offense were "common modus operandi" undermining the Prior Felony Information.

With respect to constructive denial of counsel, the suppression of **Brady** material, the assertion that Neville Anthony Brooks' Identification documents were "decoy ID's" and the cocaine base stipulation by petitioner's counsel left petitioner without any possible defense to allegations in the indictment, and without any mitigating evidence at sentencing.

At a minimum, the district court should have held an evidentiary hearing to hear Petitioner's counsel's explanation on the record regarding how the Government's denial of his discovery request and the allegation that the identification papers belonging to Neville Anthony Brooks were "decoy ID's" destroy his

confidence in the possibility of Brooks being real, any chance of plea barganing, any chance of a fair trial, and any chance of a fair sentence.

It can be concluded that Judge Johnson, who presided over petitioner's 2255 proceedings; NOT BEING PETITIONET'S TRIAL JUDGE, was not familiar with the case. Therefore Judge Johnson did not take the allegations in the 2255 Motion, Memorandum, and Traverse as true and correct. If judge Johnson had taken that approach, petitioner would have been granted summary Judgement on the **Brady** claim and Ineffective Assistance of Counsel for the "COCAINE BASE 'crack' STIPULATION".

Secondly, the Government's factual allegations, despite the absence of Counter-Affidavits, should have been disregarded by Judge Johnson.

Lastly, steps should have been taken by Judge Johnson to expand the records, by Affidavits, Declaration of otherwise. This would have concluded Summary Judgement in favor of petitioner.

### CONCLUSION

Based on the preserved facts on record and new case law in **U.S. v. Brisbane**, The Order denying petitioner's 2255 should be reversed and petitioner's conviction should be reversed.

**Respectfully Submitted,**

DORRELL RICHENSON COULTHRUST    February 27, 2007

DORRELL RICHENSON COULTHRUST
Reg No., 15382-016
P.O. BOX 3540
Milan, New Mexico 87021


page 16 of 16

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-592
TFH G.

## I (a) PLAINTIFFS
COULTHRUST

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
USA

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Case: 1:07-cv-00592
Assigned To : Hogan, Thomas F.
Assign. Date : 3/28/2007
Description: COULTHRUST v. USA

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES
(FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☒ G. Habeas Corpus/ 2255<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ H. Employment Discrimination<br><br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. FOIA/PRIVACY ACT<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. Student Loan<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. Labor/ERISA (non-employment)<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. Other Civil Rights (non-employment)<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. Contract<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. Three-Judge Court<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐

DEMAND $    Check YES only if demanded in complaint
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction) ☒ YES ☐ NO    If yes, please complete related case form.

DATE 3/28/07    SIGNATURE OF ATTORNEY OF RECORD

JTC

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd